UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERAFIN MARTINEZ,<br><br>        Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>        Respondent. | 1:10-cv-01960 MJS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 8] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 3, 7.)

**I.     BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, upon pleading guilty to corporal injury to a spouse. (See LD No. 1.[1]) On November 29, 2007, Petitioner was

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

1  sentenced to serve a determinate term of seven years in prison. (Id.) Petitioner did not appeal
2  his conviction.

3     Starting in January 2008, Petitioner filed five post-conviction collateral challenges with
4  respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

     1.    <u>Fresno County Superior Court</u>
         Filed: January 24, 2008[2];
         Denied: February 8, 2008;

     2.    <u>Fresno County Superior Court</u>
         Filed: May 9, 2008[3];
         Denied: June 11, 2008;

     3.    <u>Fresno County Superior Court</u>
         Filed: August 10, 2009[4];
         Denied: October 1, 2009;

     4.    <u>California Court of Appeal, Fifth Appellate District</u>
         Filed: October 16, 2009[5];
         Denied: January 14, 2010;

     5.    <u>California Supreme Court</u>
         Filed: February 1, 2010[6];
         Denied: August 11, 2010;

15  <u>See</u> LD Nos. 2-11.

16     On October 20, 2010[7], Petitioner filed the instant federal petition for writ of habeas

---

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); <u>see also</u> Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on January 28, 2008, pursuant to the mailbox rule the Court considers the petition filed on January 24, 2008, the date Petitioner signed the petition.

[3] Although the petition was filed on May 15, 2008, under the mailbox rule the Court will consider the petition filed on May 9, 2008, the date Petitioner signed the petition.

[4] Although the petition was filed on August 13, 2009, under the mailbox rule the Court will consider the petition filed on August 10, 2009, the date Petitioner signed the petition.

[5] Although the petition was filed on October 26, 2009, under the mailbox rule the Court will consider the petition filed on October 16, 2009, the date Petitioner signed the petition.

[6] Although the petition was filed on February 5, 2010, under the mailbox rule the Court will consider the petition filed on February 1, 2010, the date Petitioner signed the petition.

[7] Petitioner's federal petition was filed on October 20, 2010, ten days before the date Petitioner stated he signed the petition. The Court shall grant Petitioner the benefit of the earlier of the two dates.

corpus in this Court. On May 6, 2011, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). Petitioner did not file an opposition to the motion.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc),

1 *cert. denied,* 118 S.Ct. 586 (1997).

2  In this case, the petition was filed on April 13, 2009, and therefore, it is subject to the
3 provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners
4 seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As
5 amended, § 2244, subdivision (d) reads:

6   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
7  The limitation period shall run from the latest of –

8    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
9
10   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
11
12   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
13 or

14   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
15
16   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this
17 subsection.

18 28 U.S.C. § 2244(d).

19  Under § 2244(d)(1)(A), the limitations period begins running on the date that the
20 petitioner's direct review became final or the date of the expiration of the time for seeking such
21 review. In this case, Petitioner did not appeal his November 29, 2007 sentence. Accordingly,
22 his conviction became final 60 days later on January 28, 2008. Cal. Rules of Court 8.308(a);
23 Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations
24 began to run the following day, on January 29, 2008. Patterson v. Stewart, 251 F.3d 1243,
25 1246 (9th Cir. 2001).

26  Petitioner would have one year from January 29, 2008, absent applicable tolling, in
27 which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing
28 the instant petition until October 20, 2010, over a year and a half after the statute of limitations

period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on tolling to attempt to show that the petition is not barred by the statute of limitations.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on January 29, 2008. Petitioner filed his first state habeas petition on January 24, 2008, with the Fresno County Superior Court. Respondent concedes that Petitioner is entitled to tolling with regard to this petition. However, the petition was filed before the statute of limitations period commenced. Petitioner is only entitled to tolling for the period in which the petition was pending after the statute of limitations commenced, specifically from January 29, 2008 until February 8, 2008. Based on such tolling, the entire 365 days of the limitations period remained as of February 8, 2008.

Petitioner next filed a state habeas petition with the Fresno County Superior Court on May 9, 2008, which was denied on June 11, 2008. Where the first habeas petition filed with

the Fresno County Superior Court challenged an enhancement to Petitioner's sentence, the second petition asserted that the court appointed interpreter inaccurately described the terms of the sentence to Petitioner. (LD Nos. 2, 4.) In Banjo v. Ayers, 614 F.3d 964 (9th Cir. 2010), the Ninth Circuit described when a second petition is considered to be a successive petition, and that the period between such petitions is not entitled to tolling:

> Only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003). We employ a two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. Hemmerle v. Arizona, 495 F.3d 1069, 1075 (9th Cir. 2007); King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003), abrogated on other grounds by Chavis, 546 U.S. 189, 126 S. Ct. 846, 163 L. Ed. 2d 684. "First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition." King, 340 F.3d at 823. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. Hemmerle, 495 F.3d at 1075; King, 340 F.3d at 823. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending. King, 340 F.3d at 823 (quoting Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)); Hemmerle, 495 F.3d at 1075. Second, if the successive petition was not timely filed, the period between the petitions is not tolled. Hemmerle, 495 F.3d at 1075; King, 340 F.3d at 823.

Banjo, 614 F.3d at 968-969.

Petitioner presented different claims in his second petition filed with the Fresno County Superior Court. The second petition is not related to, and does not attempt to correct deficiencies of the prior petition. The second petition therefore constitutes a new round of collateral attack, and the time between the filing of the petitions is not tolled. In this case, Petitioner's first petition was denied on February 8, 2008, and the second petition was filed on May 9, 2008. As ninety (90) days of the statute of limitations expired during this time, 275 days of the period remained as of May 9, 2008.

While Petitioner is not entitled to tolling for the period between filing petitions, Respondent concedes that Petitioner is entitled to tolling with regard to the time this petition was pending. As 275 days of the statute of limitations period remained before filing the petition, 275 days of the limitations period still remained when the petition was denied on June 11, 2008.

1    On August 20, 2009, Petitioner filed a third petition with the Fresno County Superior Court. That petition raises four new claims not previously alleged in Petitioner's previous petitions including ineffective assistance of counsel, improper sentencing, failure to properly calculate custody credits, and a claim that the sentence violates Cunningham v. California, 549 U.S. 270 (2007). The third petition does not relate to the previous petitions and constitutes a new round of collateral attack. As such, the time between the filing of the petitions is not entitled to tolling. Banjo, 614 F.3d at 968-969. Furthermore, Petitioner delayed over a year from the denial of his second petition to the filing of his third petition. Such a delay is clearly unreasonable, thereby making his third petition untimely. See Velasquez v. Kirkland, 639 F.3d 964 (9th Cir. Cal. 2011) (eighty and ninety-one day delays in filing are unreasonable under California law and prevent tolling of AEDPA's one year statute of limitations.). Petitioner is not entitled to tolling for the period between filing his second and third petitions.

425 days passed between the denial of Petitioner's second petition on June 11, 2008, and the filing of his third petition on August 10, 2009. Accordingly, the remaining 275 days of the limitations period elapsed and the statute of limitations expired on March 13, 2009. State petitions filed after the expiration of the statute of limitations period shall have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, the limitations period began on January 29, 2008, and expired on March 13, 2009. The present petition was filed on October 20, 2010, over a year and half after the expiration of the year statute of limitations period. Accordingly, the instant federal petition is untimely.

**D.    Equitable Tolling**

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163

1  F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th
2  Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that
3  would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th
4  Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly,
5  Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

6  **III.   CONCLUSION**

7  As explained above, Petitioner failed to file the instant petition for habeas corpus within
8  the one year limitation period required by 28 U.S.C. § 2244(d).  While Petitioner is entitled to
9  the benefit of statutory tolling, the petition was still not timely filed. Petitioner is not excused
10 from timely filing due to equitable tolling.  Based on the foregoing, Respondent's Motion to
11 Dismiss shall be granted.

12 **IV.   ORDER**

13 Accordingly, IT IS HEREBY ORDERED that:

14 1.   Respondent's Motion to Dismiss (Doc. 9) is GRANTED;

15 2.   The Petition for Writ of Habeas Corpus is DISMISSED with prejudice as
16 untimely; and

17 3.   The Court DECLINES to issue a Certificate of Appealability. 28 U.S.C. §
18 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner
19 must show: (1) that jurists of reason would find it debatable whether the petition stated a valid
20 claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable
21 whether the district court was correct in its procedural ruling. Slack, 529 U.S. 484.  In the
22 present case, jurists of reason would not find debatable whether the petition was properly
23 dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Petitioner has not made
24 the required substantial showing of the denial of a constitutional right.

25

26 IT IS SO ORDERED.

27 Dated:   June 29, 2011                        /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE
28

U.S. District Court
E. D. California                               -8-